```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

| | |
|---|---|
| Eric Gravel,                           : | |
|     Plaintiff,                       : | |
|                                      : | |
|       v.                               : | File No. 1:07-CV-237 |
|                                      : | |
| Prison Health Services,                : | |
| Vermont Department of                  : | |
| Corrections Medical                    : | |
| Department, and Dr. Pam                : | |
| Pederson,                              : | |
|     Defendants.                     : | |

OPINION AND ORDER
(Papers 13 and 15)

Plaintiff Eric Gravel, proceeding *pro se*, brings this action claiming that the medical care he received in a Vermont prison violated his Eighth Amendment rights. The defendants now move for summary judgment, arguing that Gravel's failure to retain an expert renders him unable to prove either medical malpractice or an Eighth Amendment violation. The defendants further contend that Gravel's complaint fails to state an Eighth Amendment claim. Also pending before the Court is Gravel's motion for an enlargement of time in which to serve discovery responses.

For the reasons set forth below, Gravel's motion for an enlargement of time (Paper 15) is GRANTED. As to the summary judgment motion, the Court will not grant summary judgment based solely upon Gravel's failure to provide expert testimony. The Court will, however, GRANT the defendants' motion due to Gravel's

1

failure to allege sufficient facts to support an Eighth Amendment claim. In accord with Second Circuit case law, the Court will allow Gravel 30 days to amend his complaint to allege facts that demonstrate deliberate indifference to his serious medical needs. Failure to comply with the 30-day deadline will result in the dismissal of this case.

## Factual Background

In his complaint, Gravel alleges that on August 6, 2007, while incarcerated at the Northern State Correctional Facility in Newport, Vermont, he received medical attention from Dr. Pam Pederson. Gravel was suffering from a swollen lip, which Dr. Pederson initially diagnosed as an allergic reaction. Gravel told Dr. Pederson that he needed antibiotics, but no such medications were prescribed.

Gravel's lip continued to swell, and Dr. Pederson eventually treated him with antibiotics. Gravel claims that due to the delay in proper treatment, his lip is now permanently disfigured. The complaint alleges deliberate indifference to serious medical needs, and seeks $150,000 in damages.

## Discussion

I. Motion for Extension of Time

The defendants' motion for summary judgment is based, in part, on Gravel's failure to respond to certain discovery requests. After receiving the summary judgment motion, Gravel

moved for additional time in which to serve his discovery responses. (Paper 15). His motion explains that during the first half of 2008 he was subjected to various prison transfers. As a result of those transfers, and the corresponding changes in his mailing addresses, service of legal documents was delayed.

The discovery questions at issue pertain to the plaintiff's expert witnesses. On October 6, 2008, Gravel served the defendants with a list of trial witnesses. The defendants do not oppose the motion for enlargement of time, and have not moved to strike on the basis of Gravel's untimely response. Moreover, Gravel has offered legitimate reasons for the delay, and there is no apparent prejudice to the defendants. The motion for enlargement of time (Paper 15) is, therefore, GRANTED.

Gravel's motion also asks for additional time in which to complete discovery. That time has been provided in the parties' latest discovery schedule. To the extent that Gravel moves to strike the defendants' motion for summary judgment as premature, the motion is DENIED.

## II. Lack of Expert Testimony

The defendants' summary judgment motion argues that "Plaintiff does not have the expert testimony necessary to support a claim of medical malpractice, much less a claim for deliberate indifference to his medical needs." (Paper 13 at 1). The primary focus of their motion is on the elements of a medical

malpractice claim which, they contend, constitute a threshold above which the plaintiff must rise in order to establish his deliberate indifference claims. (Paper 13 at 4-5) (citing Vermont law for elements of medical malpractice claim).

As noted above, Gravel has provided the defendants with a list of trial witnesses. Other than Dr. Pederson, it is not clear whether any of those witnesses will be able to speak to the issue of malpractice. However, the Second Circuit has held that a § 1983 plaintiff is not required to offer expert testimony in support of an Eighth Amendment claim.

> We have never required plaintiffs alleging a denial of adequate medical care in a Section 1983 action to produce expert medical testimony. The inquiry remains whether the treating physician or other prison official was deliberately indifferent to a prisoner's serious medical needs, not whether the doctor's conduct is actionable under state malpractice law. Expert testimony certainly could have bolstered [the plaintiff's] case at trial, but the absence of such expert proof does not mandate dismissal of his action where the facts support a finding of deliberate indifference.

Hathaway v. Coughlin, 37 F.3d 63, 68 (2d Cir. 1994); see also Olivier v. Robert L. Yeager Mental Health Ctr., 398 F.3d 183, 191 (2d Cir. 2005); Cumberbatch v. Port Auth. of New York and New Jersey, 2006 WL 3543670, at *9 (S.D.N.Y. Dec. 5, 2006). Accordingly, the Court declines to grant summary judgment solely because Gravel has failed to name an expert to address the question of malpractice.

III. <u>Failure to State an Eighth Amendment Claim</u>

The defendants also argue that the complaint fails "on its face" to state a claim of deliberate indifference.[1] Indeed, Gravel's sole claim is that Dr. Pederson mis-diagnosed his lip problem, and provided the proper medication only after there had been additional swelling. Although Gravel allegedly told Pederson that he needed antibiotics, a disagreement between an inmate and a physician about the inmate's treatment does not, alone, constitute an Eighth Amendment violation. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

In order to establish an Eighth Amendment claim, a plaintiff must show both an objectively serious medical need and a subjectively sufficient state of mind. <u>See</u> <u>Smith v. Carpenter</u>, 316 F.3d 178, 183-84 (2d Cir. 2003). The major shortfall in Gravel's complaint is his failure to allege any facts to support even an inference that Dr. Pederson, or any other defendant, had the requisite state of mind. Where the complaint does not plead enough facts to be plausible on its face, the action is subject to dismissal. <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir. 2008) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct.

---

[1] Although brought as part of their Rule 56 motion, this portion of the defendants' argument is more akin to a motion under Rule 12(b)(6) for failure to state a claim. The Court will, therefore, apply standards applicable to a Rule 12 motion.

5

1955, 1974 (2007)). The defendants' motion, construed as a motion to dismiss, is therefore GRANTED.

IV. Leave to Amend

The Second Circuit has urged that "when addressing a *pro se* complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). In this case, Gravel has failed to allege sufficient facts to support an Eighth Amendment claim. In response to the summary judgment motion, however, he alleges that Dr. Pederson intentionally misdiagnosed him due to "an agenda premised upon personal motivation." While the Court offers no opinion at this time as to whether the allegations set forth in Gravel's opposition memorandum would be sufficient to survive a motion to dismiss, the memorandum at least implies that facts may exist to support a valid claim. Accordingly, the Court will grant Gravel leave to file an amended complaint.

## Conclusion

For the reasons set forth above, Gravel's motion for enlargement of time to respond to discovery (Paper 15) is GRANTED. To the extent that Paper 15 seeks any other relief, the motion is DENIED.

The defendants' motion for summary judgment (Paper 13), construed as a motion to dismiss for failure to state a claim, is GRANTED. Gravel may file an amended complaint <u>on or before December 12, 2008</u>. Failure to file an amended complaint will result in the dismissal of all claims with prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of November, 2008.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge
